J-S11027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| VICTORIO HINTON | |
| Appellant | No. 1066 WDA 2016 |

Appeal from the PCRA Order June 2, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011856-1995

BEFORE:  OLSON, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 17, 2017**

Appellant, Victorio Hinton, appeals from the order entered June 2, 2016, denying as untimely his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, following a guilty plea resulting in his conviction for third degree murder.[1]  We affirm.

In January 1996, after being extradited from Washington state, Appellant entered a negotiated guilty plea to third degree murder.  **See** Notes of Testimony (N.T.), 1/25/96, at 2.  The court immediately sentenced Appellant to the negotiated term of incarceration, eight and one-half to twenty-one years.  **Id.** at 16.

---

[1] 18 Pa.C.S. § 2502(c).

[*] Former Justice specially assigned to the Superior Court.

In May 2004, Appellant filed a petition for writ of habeas corpus, arguing that the Commonwealth had breached its contractual agreement by incarcerating him past his minimum sentence. *See* Petition for Writ of Habeas Corpus, 5/3/04, at 1-2. The PCRA court treated this petition as a request for PCRA relief. Appointed counsel submitted a *Turner/Finley*[2] "no merit" letter, which the court granted. The PCRA court denied Appellant's petition; Appellant did not appeal to this Court.

On October 29, 2015, Appellant filed a petition for writ of habeas corpus, which the court treated as a petition requesting PCRA relief, as it challenged the validity of his conviction.[3] After sending Appellant notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, the PCRA court denied his petition as untimely filed.

Appellant timely appealed. The court did not issue an order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Nevertheless, Appellant filed his Pa.R.A.P. 1925(b) statement. The PCRA court did not issue an opinion but instead adopted the reasons given in its Pa.R.Crim.P. 907 notice.

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).
[3] In the petition, Appellant argued that he was entitled to habeas relief due to the Commonwealth's failure to commence trial within one hundred twenty days of his extradition from Washington state, an alleged violation of 42 Pa.C.S. § 9101. *See* Petition for Writ of Habeas Corpus, 10/29/15, at 2-5.

On appeal, Appellant raises a single issue for our review, namely, whether the lower court committed reversible error in denying habeas corpus relief. *See* Appellant's Brief at 4. Appellant argues that the court erred in treating his petition for habeas relief as a PCRA petition. *Id.* at 5-6. Appellant argues that his due process rights were violated because he was not brought to trial within one hundred twenty days of his extradition to Pennsylvania. *Id.* at 8-9.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 3 -

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see **Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is patently untimely.[4] Accordingly, in order to reach the merits of his issues, he must plead and prove one of the exceptions to the time bar. ***See Bennett***, 930 A.2d at 1267. Appellant's brief does not plead any of the time bar exceptions. Nevertheless, Appellant argues that the court erred in treating his petition as a PCRA rather than a request for habeas relief, as his procedural due process rights were violated. ***See*** Appellant's Brief at 7. It is well-settled that

> the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape

---

[4] Appellant's judgment of sentence became final in February 1996, at the expiration of his thirty days to file a direct appeal to this Court. ***See*** 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Accordingly, he had until February 1997 to timely file a petition seeking collateral relief.

- 4 -

the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

***Commonwealth v. Taylor***, 65 A.3d 462, 465–66 (Pa. Super. 2013) (internal citations omitted).

Appellant's petition appears to argue that his conviction and sentence are invalid because they were imposed in violation of the timeliness requirements of the Interstate Detainer Act (IAD). ***See*** Appellant's Brief at 7-8.

The IAD is an agreement between forty-eight states, the District of Columbia, and the United States, establishing procedures for the transfer of "prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against them." ***Commonwealth v. Destephano***, 87 A.3d 361, 364 (Pa. Super. 2014) (internal citations and quotations omitted). Article IV(c) of the IAD further provides that in respect to any proceeding made possible by the Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state. ***See*** 42 Pa.C.S. § 9101, Article IV(c).

This claim is cognizable under the PCRA as Appellant claims that his due process rights were violated. ***Taylor***, 65 A.3d at 465–66; ***see also Commonwealth v. Peterkin***, 722 A.2d 638, 640-41 (Pa. 1998) (finding that a defendant's allegations of constitutional violations were cognizable under the PCRA and, accordingly, the statutory writ of habeas corpus was not available to him).

- 5 -

Accordingly, the PCRA court properly treated Appellant's petition as a request seeking collateral relief, and dismissed it as untimely. ***See Bennett***, 930 A.2d at 1267.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017